[No. 6,895.—Department Two.]

JACOB M. TEWKSBURY v. GODFREY DEROSIER ET AL.

STATE PATENT—STATUTE OF LIMITATIONS—RESERVED LANDS—MEXICAN GRANT—UNSURVEYED LANDS—LIEU LANDS—CONFIRMATION OF STATE SELECTIONS BY ACT OF JULY 23D, 1860.—In ejectment upon a State patent, the defenses were, the Statute of Limitations; that the lands were a part of a Mexican grant; that the lands in lieu of which the lands in

controversy were taken were not lost to the State, and that at the time of the application for the location of the lands patented the same had not been surveyed:

*Held,* upon the last point, upon the facts stated in the opinion, that under ·section 3 of the Act of Congress of July 23d, 1866, the title vested in the plaintiff; and upon the other points, that the findings of the Court in favor of the plaintiff were sustained by the evidence.

APPEAL from an order denying the defendants' motion for a new trial in the Third District Court, County of Alameda. DWINELLE, J.

*Flournoy & Mhoon,* for Appellants.

That the curative Act of 1866 did not apply to this case, because the land was not for sale until the final survey of San Pablo, August, 1864, and the final survey of the Sobrante, which is not yet. (*Rooker* v. *Johnston,* 49 Cal. 3.) That the State location, being before the survey, was void, and no presumption can be indulged in favor of patent on void selection. (*Chant* v. *Reynolds,* 49 Cal. 213.)

*B. S. Brooks,* for Respondent.

The purpose of the act of July 23d, 1866, was to afford means of curing defects in the location and selection of lieu lands, and when the lands have been listed to the State under that act, and patented by the State, all defects, if any there were, in the location or selection which the United States could complain of, are cured. (*Hodapp* v. *Sharp,* 40 Cal. 69 ; *Buhne* v. *Chism,* 48 id. 471 ; *Collins* v. *Bartlett,* 44 id. 381 ; *Chant* v. *Reynolds,* 49 id. 217 ; Copp's Land Laws, 450 ; *Toland* v. *Mandell,* 38 Cal. 30 ; *Mastick* v. *Cave,* 52 id. 67.)

MYRICK, J.:

This is an action of ejectment. Plaintiff claims title by patent from the State, issued for the fractional south-east quarter of section twenty-nine, township one north, range four west, Mount Diablo meridian, in lieu of the south-west quarter of south-west quarter of section thirty-six, same township and range. The patent is dated September 3d, 1874. The action was commenced December 13th, 1875. The defenses are, the Statute of Limitations; that the lands are part of El Sobrante,

or if not, then of the San Pablo Rancho, defendants claiming under one of the grantees; that the lands in lieu of which the lands in controversy were taken were not lost to the State, and that, at the time of the application for the location of the lands patented, the same had not been surveyed and were therefore not subject to location.

1. The action was brought within five years after the issuance of the patent.

2. The confirmation of El Sobrante was of lands "lying between the tracts known as ranchos of San Antonio, San Pablo, Pinole, Moraga, and Valencia." The lands in controversy are not between the ranchos above named, or any of them; on the contrary, they are on the shore of the Bay of San Francisco, and between it and the Rancho San Pablo. They are not even in the vicinity of any of said ranchos, unless it be the ranchos San Pablo and San Antonio.

3. The Court found that the premises described in the complaint are not situated within the exterior boundaries of the San Pablo Rancho. The evidence justified that finding. There was evidence tending to show that the land in dispute is an island, separated by an estuary from the mainland, and that the same was not and could not have been included within the confirmation of that rancho and the surveys thereof. In none of the proceedings on the part of the Government of the United States has it been asserted or declared that these lands are a part of the rancho.

4. There is no evidence tending to show that the lands, in lieu of which the land in controversy was located, were *in place;* it does not, therefore, appear that the officers in certifying the land and in issuing the patent acted in excess of their authority.

5. The application of plaintiff's grantor to purchase the land was filed November 16th, 1861; and the certificate of the State Locating Agent was dated January 28th, 1862; the land, however, was not surveyed by the United States until April 17th, 1863. The date of the approval of the survey does not appear, but it was at some day prior to July 8th, 1867. On the 11th of August, 1874, the land was listed over to the State by the Commissioner of the General Land Office (approved by the Secretary of the Interior), as an indemnity

school selection, and, as above stated, the State patent was issued September 3d, 1874.

Upon these facts we are of opinion that, under section 3 of the Act of Congress of July 23d, 1866, the title vested in the plaintiff.

No error appears in the record.

The order denying the motion for a new trial is affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.